# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP2836-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Charles J. Labanowsky, III, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Charles J. Labanowsky, III,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST LABANOWSKY

| | |
|---|---|
| OPINION FILED: | March 26, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2014 WI 18**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP2836-D

STATE OF WISCONSIN        :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Charles J. Labanowsky, III, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

    **v.**

**Charles J. Labanowsky, III,**

       **Respondent.**

**FILED**

**MAR 26, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. Attorney Charles J. Labanowsky III has filed a petition for consensual revocation of his license to practice law in Wisconsin pursuant to SCR 22.19.[1]  Attorney

---

[1] SCR 22.19 states as follows: Petition for consensual license revocation.

(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

Labanowsky states in his petition that he cannot successfully defend against allegations of professional misconduct related to several incidents the Office of Lawyer Regulation (OLR) is currently investigating.

¶2    Attorney Labanowsky was admitted to practice law in 1975.  He received a public reprimand in 2009, for engaging in acts leading to separate convictions of misdemeanor second offense operating with a prohibited alcohol concentration of .08 or more, misdemeanor bail jumping, misdemeanor operating while

---

(2)    The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3)    If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated.  Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition.  Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4)    If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned.  Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee.  Upon a showing of good cause, the supreme court may extend the time for filing a response.  The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5)    The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

intoxicated (OWI) 3rd and misdemeanor OWI 4th, all in violation of SCR 20:8.4(b).  Public Reprimand of Charles J. Labanowsky III, No. 2009-2.  He received a public reprimand in 2011, for engaging in acts leading to a criminal conviction of misdemeanor theft in violation of SCR 20:8.4(b).  Public Reprimand of Charles J. Labanowsky III, No. 2011-16.  He voluntarily retired from the practice of law in April 2013.

¶3  Attached to Attorney Labanowsky's petition for consensual revocation is a summary of misconduct allegations that the OLR is investigating.  These include five alcohol-related incidents between April 2012 and May 2013 and allegations of trust account anomalies.

¶4  On April 27, 2012, Attorney Labanowsky was arrested and subsequently charged with driving a motor vehicle while under the influence of an intoxicant, 5th offense.  State v. Charles J. Labanowsky III, Kenosha County Case No. 2012-CF-470.  Attorney Labanowsky posted a cash bond and was released on the conditions that he was not to possess or consume illegal controlled substances without a prescription, he was not to possess or consume alcohol, he was to submit to random blood alcohol testing, and he was not to drive a vehicle without a valid driver's license.

¶5  On August 28, 2012, Attorney Labanowsky was seen driving his car away from the Kenosha County courthouse.  He was stopped by a sheriff's deputy.  Attorney Labanowsky admitted he knew that his license was suspended and that his bail conditions prohibited him from driving.  Attorney Labanowsky was arrested

and released on a cash bond, again with conditions prohibiting possession or consumption of alcohol or the commission of any crimes. He was charged with two counts of felony bail jumping in connection with this incident. State v. Charles J. Labanowsky III, Kenosha County Case No. 2012-CF-975.

¶6 On February 4, 2013, a sheriff's deputy responded to reports that Attorney Labanowsky was intoxicated at the Kenosha County courthouse. Observers feared he might drive away intoxicated. Upon questioning, Attorney Labanowsky denied drinking. While the deputy went to check the status of his driving privileges, Attorney Labanowsky drove away from the scene. He was later apprehended and released on a cash bond, again with conditions. He was charged with obstructing an officer and two counts of bail jumping in connection with this incident. State v. Charles J. Labanowsky III, Kenosha County Case No. 2013-CF-242.

¶7 On April 11, 2013, Attorney Labanowsky failed two breathalyzer tests conducted by a community services agency. Attorney Labanowsky posted a cash bond, again with conditions. He was charged with two counts of felony bail jumping. State v. Charles J. Labanowsky III, Kenosha County Case No. 2013-CF-461.

¶8 Finally, on the morning of May 16, 2013, police responded to an anonymous tip that Attorney Labanowsky was consuming alcohol at his residence in violation of his bond. Attorney Labanowsky let the officers into his house and admitted that he had been drinking alcohol in violation of his bond conditions. Attorney Labanowsky's blood alcohol concentration

4

level was tested and found to be .203. This time, Attorney Labanowsky did not post bond and remained in custody. He was subsequently charged with four counts of bail jumping in connection with this incident. State v. Charles J. Labanowsky III, Kenosha County Case No. 2013-CF-536.

¶9 On June 20, 2013, Attorney Labanowsky entered a plea agreement with respect to all five of the above-mentioned cases. Attorney Labanowsky was found guilty and convicted of one count of driving a motor vehicle while under the influence of an intoxicant, 5th offense, in State v. Charles J. Labanowsky III, Kenosha County Case No. 2012-CF-470; one count of felony bail jumping in State v. Charles J. Labanowsky III, Kenosha County Case No. 2013-CF-242; and two counts of bail jumping in State v. Charles J. Labanowsky III, Kenosha County Case No. 2013-CF-536. The remaining charges were dismissed but read in. Attorney Labanowsky was sentenced to 36 months in prison followed by 36 months of extended supervision in the OWI matter; additional sentences were imposed and stayed in the related cases. The OLR is investigating possible violations of SCR 20:8.4(b) in connection with the alcohol-related misconduct. No restitution is requested.

¶10 The OLR is also investigating possible trust account violations. In October 2008 the OLR learned of two possible overdrafts on Attorney Labanowsky's client trust account. The OLR reconstructed the trust account and ascertained that on numerous occasions Attorney Labanowsky had disbursed funds from the account on behalf of clients who either had no funds or had

5

insufficient funds in the account to satisfy those disbursements. In one matter, Attorney Labanowsky represented P.C., the seller in a real estate transaction. Briefly stated, Attorney Labanowsky disbursed $10,000 more to himself than he was entitled to receive in connection with the transaction.

¶11 The OLR also discovered anomalies in a trust account relating to the Estate of M.W. On April 1, 2009, the trust account for the Estate of M.W. had a balance of $802.85, but the client ledger indicated a balance of $23,669.06 should have been on deposit for that matter. On April 29, 2009, Attorney Labanowsky deposited $25,000 in law firm funds to the trust account in order to make a $25,000 distribution relating to the Estate of M.W. Attorney Labanowsky characterized that deposit as a partial refund of his legal fees.

¶12 The OLR determined that on June 30, 2009, there should have been $16,819.93 in trust for the Estate of M.W. but there was only $6,568.42. In addition, Attorney Labanowsky had a habit of leaving earned fees in the trust account for periods ranging from 18 to 39 months and occasionally deposited earned fees back to the trust account to cover shortfalls caused by the conversion of funds belonging to one client for the benefit of another client.

¶13 In late 2009, after reviewing the OLR's initial findings relating to his trust account, Attorney Labanowsky deposited additional personal and/or law firm funds into the trust account to cover the shortfalls. He also disbursed earned fees that had been held in trust for extended periods. The

foregoing actions potentially violate SCR 20:8.4(c), SCR 20:1.15(b) (1), SCR 20:1.15(b) (3), SCR 20:1.15(d) (1), and SCR 20:1.15(f) (l)a., b. and g.

¶14 Attorney Labanowsky's petition for consensual revocation states that he cannot successfully defend against the allegations of professional misconduct set forth in the OLR's summary of the matters being investigated. His petition asserts that he is seeking consensual revocation freely, voluntarily, and knowingly. He states that he understands he is giving up his right to contest the OLR's allegations. He states that he knows he has the right to counsel in this matter. The OLR supports Attorney Labanowsky's petition for consensual license revocation. See SCR 22.19(3). The OLR is not seeking restitution.

¶15 Having reviewed Attorney Labanowsky's petition, the OLR's summary of the matters it is investigating, and the OLR's recommendation, we accept Attorney Labanowsky's petition for the revocation of his license to practice law in Wisconsin. See SCRs 22.19(1), (2), and (5). The seriousness of Attorney Labanowsky's misconduct demonstrates the need to revoke his law license to protect the public, the courts, and the legal system from the repetition of misconduct; to impress upon Attorney Labanowsky the seriousness of his misconduct; and to deter other attorneys from engaging in similar misconduct. See In re Disciplinary Proceedings Against Arthur, 2005 WI 40, ¶78, 279 Wis. 2d 583, 694 N.W.2d 910. We accept the OLR's decision not to seek a restitution order.

7

¶16 Because Attorney Labanowsky petitioned for the consensual revocation of his Wisconsin law license before the appointment of a referee, and because the OLR has not requested the imposition of costs, we do not assess the costs of this disciplinary proceeding against Attorney Labanowsky.

¶17  IT IS ORDERED that the petition for consensual license revocation is granted.

¶18  IT IS FURTHER ORDERED that the license of Charles J. Labanowsky III to practice law in Wisconsin is revoked, effective the date of this order.

¶19  IT IS FURTHER ORDERED that, to the extent he has not already done so, Charles J. Labanowsky III shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.